*IL*
RECEIVED

MAR 17 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE, a *MINOR CHILD*, by and through her Parents and Next Friends, CHEVLYN NICHOLSON and WILLIAM JAMES, | ) ) ) ) ) | |
| *Plaintiffs,* | ) ) | 1:26-cv-0297*l* <br> Judge Mary M. Rowland <br> Magistrate Judge M. David Weisman <br> RANDOM/ CAT. 2 |
| v. | ) ) ) ) | |
| HARVEY SCHOOL DISTRICT NO. 152; DR. REGINALD LAWRENCE, in his individual and official capacities as Superintendent; ROBERT RIZZO, in his individual and official capacities as Assistant Principal; DORIS WRIGHT, in her individual and official capacities as Procedural Coach; MS. MAHORNEY, in her individual and official capacities as Principal; MISS MAZANEC, in her individual and official capacities as Teacher; COACH DAVIS, in his individual and official capacities as Athletic Coach; GWENDOLYN BROOKS MIDDLE SCHOOL; MAYA ANGELOU ELEMENTARY SCHOOL; and the STATE OF ILLINOIS BOARD OF EDUCATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No._____ <br><br> Hon. Judge _____ <br><br> Magistrate Judge _____ |
| *Defendants.* | ) ) | |

**COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1983; THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT, 20 U.S.C. § 1400 ET SEQ.; TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. § 1681 ET SEQ.; SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794; AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

**INTRODUCTION**

1. This action arises from a catastrophic failure by the Harvey School District No. 152 and its

agents to protect a vulnerable minor child, the Plaintiff ("Jane Doe" or "the Student"), from

sexual assault, harassment, and retaliation by school personnel; the deliberate indifference to her documented medical needs following a traumatic brain injury; and the systemic denial of her federal rights to a free appropriate public education under the Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation Act, and the Fourteenth Amendment.

2. The facts of this case present a harrowing chronicle of institutional betrayal. In March 2025, Jane Doe was sexually assaulted and groomed by her teacher, Miss Mazanec. When she reported this abuse, school officials retaliated against her, coerced her classmates to discredit her, and subjected her to ongoing harassment. Two months later, while the District continued to ignore her trauma, Jane Doe suffered a catastrophic gunshot wound to the head resulting in traumatic brain injury ("TBI") and functional neurological disorder ("FND"). Despite extensive medical documentation from Shirley Ryan AbilityLab and multiple treating physicians, the District refused to evaluate her for an Individualized Education Program ("IEP"), improperly placed her on a 504 Plan without adequate accommodations, and harassed her family regarding medically necessary absences.

3. The Defendants' conduct was not merely negligent, it was deliberately indifferent to Jane Doe's clearly established constitutional and statutory rights, undertaken with the specific intent to intimidate, retaliate, and deny her equal access to education.

## PARTIES

4. Plaintiff, a Minor Child, hereinafter "Jane Doe" is eleven years old, domiciled in Riverdale, Illinois, who was a student at Maya Angelou Elementary School and subsequently Gwendolyn Brooks Middle School within Harvey School District No. 152. She brings this action through her parents and next friends, Chevlyn Nicholson and William James.

2

5. Plaintiff, Chevlyn Nicholson is Jane Doe's mother and legal guardian, residing in Riverdale, Illinois.

6. Plaintiff William James is Jane Doe's father and legal guardian, residing in Riverdale, Illinois.

7. Defendant Harvey School District No. 152 ("the District") is a public school district organized under the laws of the State of Illinois, with its principal offices at 16001 Lincoln Avenue, Harvey, Illinois 60426. The District receives federal financial assistance and is subject to the requirements of the IDEA, Section 504, and Title IX.

8. Defendant Dr. Reginald Lawrence is and was at all relevant times the Superintendent of the District, responsible for implementing federal and state special education laws, investigating complaints of sexual harassment, and ensuring District-wide compliance with constitutional and statutory obligations.

9. Defendant Robert Rizzo is and was at all relevant times the Assistant Principal of Gwendolyn Brooks Middle School, responsible for student discipline, 504 Plan implementation, and coordination of special education services.

10. Defendant Doris Wright is and was at all relevant times the Procedural Coach at Gwendolyn Brooks Middle School, responsible for ensuring procedural compliance with special education evaluations and IEP development.

11. Defendant Ms. Juli Mahorney is and was at all relevant times the Principal of Maya Angelou Elementary School, responsible for investigating reports of teacher misconduct, protecting students from sexual harassment, and ensuring Title IX compliance.

12. Defendant Miss Mazanec is and was at all relevant times a teacher at Maya Angelou Elementary School, employed by the District and responsible for Jane Doe's education and safety during the 2024-2025 academic year.

3

13. Defendant Coach Davis is and was at all relevant times an athletic coach at Maya Angelou Elementary School, responsible for compliance with the District's Athletic Code of Conduct and student-athlete welfare.

14. Defendant Gwendolyn Brooks Middle School is a public school operated by the District, receiving federal financial assistance.

15. Defendant Maya Angelou Elementary School is a public school operated by the District, receiving federal financial assistance.

16. Defendant State of Illinois Board of Education is the state educational agency responsible for monitoring local school district compliance with the IDEA, Section 504, and Title IX, and for providing technical assistance and enforcement where districts fail to meet their obligations.

## JURISDICTION AND VENUE

17. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 28 U.S.C. § 1367 (supplemental jurisdiction). Plaintiffs' claims arise under the United States Constitution and federal laws, including 42 U.S.C. § 1983, the IDEA, 20 U.S.C. § 1400 et seq., Title IX, 20 U.S.C. § 1681 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

18. This Court has jurisdiction over Plaintiffs' IDEA claims pursuant to 20 U.S.C. § 1415(i)(2), which authorizes civil actions in federal district court following exhaustion of administrative remedies or where equitable relief is sought concurrently with Section 1983 claims for constitutional violations.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in Harvey, Illinois, within the Northern

District of Illinois. The District's principal offices, Maya Angelou Elementary School, and Gwendolyn Brooks Middle School are all located within this judicial district.

## FACTUAL ALLEGATIONS

**A. The Sexual Assault, Harassment, and Retaliation (March–May 2025)**

20. At all relevant times, Jane Doe was an eleven-year-old fifth-grade student at Maya Angelou Elementary School, Harvey School District No. 152.

21. On or about March 18, 2025, Miss Mazanec, Jane Doe's teacher, subjected her to sexual assault, harassment, intimidation, grooming, and humiliation in front of her classmates. The acts included coercive and inappropriate physical contact framed as "games" and deliberate boundary violations directed specifically at Jane Doe, the only female student in a group of students.

22. Immediately following this incident, Jane Doe reported the abuse to her mother, Chevlyn Nicholson. Ms. Nicholson contacted Principal Mahorney and District administrators on March 19, 2025, demanding an investigation and protective measures.

23. Rather than investigating Jane Doe's report or removing Miss Mazanec from contact with students, Principal Mahorney engaged in a campaign of retaliation and cover-up. Mahorney coerced Jane Doe's classmates to write letters supporting Miss Mazanec and denying Jane Doe's account, thereby subjecting Jane Doe to ridicule, isolation, and psychological trauma among her peers.

24. On or about April 10, 2025, additional retaliation occurred. Jane Doe's new classroom teacher deferred disciplinary authority to Miss Mazanec, who publicly berated and intimidated Jane Doe in school hallways.

25. Miss Mazanec explicitly told Jane Doe she would be prohibited from attending a class trip because she "lied on her," and constructed a punitive reward system conditioning Jane Doe's participation in school activities on her retraction of the sexual assault allegations.

26. On another occasion, an unidentified teacher observed Miss Mazanec yelling at Jane Doe and failed to intervene or report the misconduct.

27. On or about May 2, 2025, Coach Davis dismissed Jane Doe from the school track team without explanation, process, or opportunity to be heard, in violation of the District's Athletic Code of Conduct.

28. Between March 19, 2025, and May 2025, Ms. Nicholson submitted written complaints and emails to District administrators, including Superintendent Lawrence, on March 19, April 2, April 10, and April 14, 2025. The District failed to conduct any adequate investigation, ignored Jane Doe's rights under the McKinney-Vento Homeless Assistance Act, and permitted her continued exposure to unsafe and retaliatory environments.

29. The District failed to provide Ms. Nicholson with investigation updates, denied her requests to participate in any interview of Jane Doe, and refused to implement protective measures or alternative educational placements.

**B. The Traumatic Brain Injury and Subsequent Medical Needs (May 28, 2025)**

30. On May 28, 2025, while the District continued to ignore Jane Doe's trauma from the sexual assault and retaliation, she suffered catastrophic injuries when she was struck by a gunshot to the head while a passenger in her father's vehicle. The shooting occurred at approximately 3:00 p.m. in the alley near 159th Street and Paulina Avenue in Harvey, Illinois, as Jane Doe was being transported from school.

31. Jane Doe was rushed to Ingalls Hospital and subsequently transferred for specialized care. She was diagnosed with severe traumatic brain injury ("TBI") requiring surgical intervention, specifically a craniotomy to relieve pressure from brain swelling.

32. As a direct result of the TBI, Jane Doe developed functional neurological disorder ("FND"), a serious neurological condition affecting motor function, speech, cognition, and emotional regulation.

33. Medical imaging (CT brain scan, July 2025) revealed visible damage to the frontal lobe of Jane Doe's brain, affecting:

    a. Movement and coordination;

    b. Speech and communication;

    c. Behavior and emotional regulation;

    d. Memory, attention, and problem-solving;

    e. Executive functioning and impulse control.

34. Jane Doe's treating physicians at Shirley Ryan AbilityLab, including Dr. Gadi Revivo, and her primary care physician, Dr. Kristin Lucas of Family Christian Health Center, documented that her injuries require extensive educational accommodations, therapeutic interventions, and a highly supportive school environment.

## C. The District's Deliberate Indifference to Jane Doe's Disability and Denial of FAPE (September 2025–Present)

35. Following her injury, Jane Doe was unable to attend school for an extended period while undergoing intensive rehabilitation at Shirley Ryan AbilityLab.

36. On September 2, 2025, the District convened an "ad hoc 504 Plan meeting" via Zoom. Present were representatives from Gwendolyn Brooks Middle School's special education staff,

7

including Assistant Principal Robert Rizzo and Procedural Coach Doris Wright, along with Jane Doe's parents, her attorney, and medical professionals.

37. At this meeting, the District proposed a 504 Plan rather than conducting a comprehensive special education evaluation for an IEP, despite:

a. Jane Doe's documented TBI and FND;

b. Medical reports demonstrating severe cognitive, physical, and emotional impairments;

c. The clear need for specialized instruction, related services, and individualized programming;

d. The explicit recommendation of medical professionals that Jane Doe required an IEP.

38. Plaintiffs' counsel objected to the 504 Plan as inadequate and insufficient to address Jane Doe's complex needs. Medical professionals on the call adamantly insisted that Jane Doe required immediate, intensive support and a full special education evaluation.

39. The District rejected these recommendations, claiming they would "monitor" Jane Doe for three weeks and reconvene. The District further delayed by stating that Jane Doe could wait for an evaluation at the University of Chicago scheduled for October 2025—a delay that would deprive her of months of critical educational and therapeutic intervention during her recovery window.

40. The District proposed the following inadequate "preliminary interventions," which were either improperly implemented or never effectuated:

a. A modified school schedule without a dedicated one-on-one aide, despite medical necessity;

b. Visits to a social worker "as needed" rather than systematic counseling;

c. Conditional access to a phone to contact her mother, inconsistently afforded;

d. A modified curriculum to facilitate school transition—never completed;

8

e. Informal classroom accommodations for mental/physical needs—never implemented;

f. Permission to wander the building without assistance, creating safety risks, rather than providing structured support.

41. The District failed to implement any of these minimal accommodations properly. Jane Doe was denied a one-on-one aide despite Shirley Ryan AbilityLab's specific recommendation that "her 1:1 aide should be monitoring her for symptoms" including tics, body clenching, staring episodes, and regressive speech.

42. On September 11, 2025, Plaintiffs' counsel served a Notice of Intent to File Lawsuit upon the District, detailing the sexual assault, retaliation, and ongoing denial of FAPE. The District failed to respond or remediate its conduct.

43. On September 26, 2025, an attendance office staff member contacted Ms. Nicholson with an "extremely uncompassionate" call harassing her regarding Jane Doe's medically necessary absences, demonstrating the District's complete failure to communicate Jane Doe's protected status to relevant staff and its deliberate indifference to her documented medical conditions.

44. On November 1, 2025, Dr. Kristin Lucas, Jane Doe's primary care physician, submitted a formal letter to the District requesting a "full special education evaluation, including (but not limited to) a full speech/language pathologist assessment, an occupational/physical therapy assessment, full cognitive testing, and complete academic testing." Dr. Lucas cited the IDEA's requirement that the evaluation be completed and an IEP meeting held within 60 school days, or that the District provide written reasons for denial within 14 school days.

45. On November 8, 2025, Plaintiffs' counsel submitted a second formal request for a "full and complete evaluation for eligibility for IEP" under the IDEA's Child Find obligations, 20 U.S.C. §

1412(a)(3); 34 C.F.R. § 300.111. The letter detailed the District's failures to implement the inadequate 504 Plan and demanded immediate evaluation.

46. As of the filing of this Complaint, the District has:

a. Failed to conduct a comprehensive special education evaluation;

b. Failed to develop an IEP addressing Jane Doe's TBI, FND, and trauma;

c. Failed to provide the related services recommended by medical professionals, including speech/language therapy, occupational therapy, physical therapy, and behavioral support;

d. Continued to harass Plaintiffs regarding attendance despite full medical documentation;

e. Failed to respond to multiple attorney communications or remediate ongoing violations.

**D. The Medical Necessity of an IEP**

47. Jane Doe's treating physicians at Shirley Ryan AbilityLab, one of the nation's premier rehabilitation facilities, have provided specific, detailed recommendations for school accommodations, including:

a. A pass to access the nurse's office when symptoms escalate;

b. Extra sets of textbooks for classroom and home use;

c. Modified physical education participation with ability to complete home exercise programs when activities are inappropriate;

d. Extended time on homework and reduced assignment length to facilitate pacing and FND management;

e. Provision of teacher or peer notes;

f. An additional five minutes of transition time between classes;

g. Continuous monitoring by a one-on-one aide trained to recognize FND episodes (tics, body clenching, staring, regressive speech) and cue use of coping tools;

h. Structured environment preventing friends from assuming caregiving responsibilities, ensuring peer interactions focus on functional behaviors rather than disability.

48. The July 29, 2025 Medical Summary for the IEP Team, prepared based on Jane Doe's CT brain imaging, explicitly states that Jane Doe "will require a highly supportive environment," may experience "mental fatigue faster than her peers," needs "more time to process information or respond," and requires "a structured routine, breaks during the school day, speech therapy, and physical accommodations."

49. These extensive, individualized needs cannot be met through a Section 504 Plan, which provides only accommodations to access the general curriculum. Jane Doe requires the specialized instruction, related services, and individualized programming available only through an IEP under the IDEA.

## COUNT I
## VIOLATION OF 42 U.S.C. § 1983—DENIAL OF SUBSTANTIVE DUE PROCESS
## (FOURTEENTH AMENDMENT)
*All Plaintiffs v. Harvey SD 152, Dr. Reginald Lawrence, Ms. Mahorney, and Miss Mazanec*

50. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

51. The Fourteenth Amendment to the United States Constitution prohibits states and state actors from depriving any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1.

52. Under clearly established law, public school students have a constitutionally protected liberty interest in their bodily integrity and personal security. *Ingraham v. Wright*, 430 U.S. 651, 673 (1977); *Doe v. Taylor Independent School Dist.*, 15 F.3d 443, 452 (5th Cir. 1994) (en banc).

53. When school officials have actual or constructive notice of a teacher's misconduct toward students and fail to take reasonable steps to protect students from foreseeable harm, they violate

11

students' substantive due process rights. *Doe v. Linder*, 131 F.3d 1239, 1243 (7th Cir. 1997); *Doe v. Board of Education of Prince George's County*, 453 F.3d 259, 263 (4th Cir. 2006).

54. School administrators may be held liable under Section 1983 for sexual abuse by teachers where they demonstrate "deliberate indifference" to known or obvious dangers. *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996); *Stoneking v. Bradford Area School Dist.*, 882 F.2d 720, 725 (3d Cir. 1989).

55. The deliberate indifference standard requires: (1) a known or obvious danger creating a substantial risk of serious harm; (2) the official's awareness of the risk; and (3) the official's failure to take reasonable measures to abate it. *Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

56. That on or about March 18, 2025, Defendant, Mazanec perpetrated acts of sexual assault, harassment, physical and emotional harm and actual damage against the Minor Child, Jane Doe.

57. That Defendant, Mazanec used tactics of coercion, intimidation, grooming, and humiliation disguised as "games" to inflict actual pain and suffering upon the Minor Child.

58. That as a direct and proximate result of Miss Mazanec's perpetration of the sexual assault the Minor Child suffered immediate and ongoing serious harm.

59. Defendant Mahorney had actual notice of Miss Mazanec's misconduct on March 18, 2025, when Jane Doe reported the sexual assault. They had constructive notice of the risk posed by Mazanec's "games" and boundary violations involving physical contact with students.

60. Defendant, Harvey SD 152 had actual notice of Miss Mazanec's misconduct on March 18, 2025, when Jane Doe reported the sexual assault. They had constructive notice of the risk posed by Mazanec's "games" and boundary violations involving physical contact with students.

61. Rather than protecting Jane Doe, Defendants Mahorney, Lawrence, and the District engaged in deliberate indifference by:

    a. Failing to remove Miss Mazanec from contact with students;

    b. Failing to conduct a good-faith investigation;

    c. Retaliating against Jane Doe by coercing classmates to discredit her;

    d. Permitting continued harassment and intimidation by Mazanec and other staff;

    e. Failing to implement protective measures or alternative placement.

62. Defendants' conduct was motivated by a desire to protect the District from liability and embarrassment rather than protect Jane Doe, constituting conscience-shocking behavior violating the substantive due process guarantee. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

## COUNT II
## VIOLATION OF 42 U.S.C. § 1983—DENIAL OF PROCEDURAL DUE PROCESS (FOURTEENTH AMENDMENT)
*All Plaintiffs v. Harvey SD 152, Dr. Reginald Lawrence, Ms. Mahorney, and Coach Davis*

63. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

64. The Fourteenth Amendment's Due Process Clause requires notice and an opportunity to be heard before the state deprives a person of a protected interest. *Goss v. Lopez*, 419 U.S. 565, 579 (1975).

65. Jane Doe had a constitutionally protected property interest in her public education and extracurricular participation, and a liberty interest in her reputation and freedom from stigmatizing disciplinary actions. Id. at 572-576

66. Defendants Davis, Mahorney, and the District deprived Jane Doe of these interests without procedural due process by:

13

a. Removing her from the track team on May 2, 2025, without notice, hearing, or opportunity to respond;

b. Publicly stigmatizing her as a liar through the letter-writing campaign orchestrated by Mahorney;

c. Conditioning educational benefits on her withdrawal of sexual assault allegations (extortion);

d. Failing to provide any grievance procedure for her Title IX complaints, which is based on the discrimination, harassment, sexual harassment, sexual misconduct, and retaliation that has been inflicted upon her.

67. These deprivations occurred without the constitutionally required minimum procedures of notice and opportunity to be heard. *Goss*, 419 U.S. at 579; *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

## COUNT III
## VIOLATION OF 42 U.S.C. § 1983—EQUAL PROTECTION CLAUSE (FOURTEENTH AMENDMENT)

*All Plaintiffs v. Harvey SD 152, Dr. Reginald Lawrence, Ms. Mahorney, and Miss Mazanec*

68. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

69. The Equal Protection Clause of the Fourteenth Amendment requires that similarly situated individuals be treated alike. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam).

70. Defendants intentionally discriminated against Jane Doe on the basis of sex in violation of the Equal Protection Clause by:

a. Subjecting her to sexual harassment and assault by her teacher, Mazanec;

14

b. Failing to investigate her complaints with the same vigor applied to male students' complaints;

c. Retaliating against her for reporting sexual misconduct, treatment not afforded to male complainants;

d. Denying her the protections and procedural safeguards mandated by Title IX.

71. This intentional discrimination constitutes a violation of Jane Doe's right to equal protection under the law. *Craig v. Boren*, 429 U.S. 190, 197 (1976); *United States v. Virginia*, 518 U.S. 515, 532 (1996).

72. Defendant, Harvey SD 152 controls the academic environment where Jane Doe was enrolled and owed her a duty of protection as a student.

73. Yet the District did not act in the best interests of Doe to protect her from differential treatment based upon her sex -- female, and gender -- woman. This includes but is not limited to inappropriate conduct, harassment, retaliation, embarrassment, and intimidation.

74. Defendant, Reginald Lawrence as superintendent of Harvey SD 152 has control over the academic environment where Jane Doe was enrolled and owed her a duty of protection as a student.

75. Yet Dr. Lawrence did not act in the best interests of Doe to protect her from differential treatment based upon her sex -- female, and gender -- woman. This includes but is not limited to inappropriate conduct, harassment, retaliation, embarrassment, and intimidation.

76. Defendant, Mahorney as principal of Maya Angelou Elementary School has control over the academic environment where Jane Doe was enrolled and owed her a duty of protection as a student.

15

77. Yet Ms. Mahorney did not act in the best interests of Doe to protect her from differential treatment based upon her sex – female, and gender – woman. This includes but is not limited to inappropriate conduct, harassment, retaliation, embarrassment and intimidation.

78. Defendant, Mazanec as teacher within Maya Angelou Elementary School had control over the academic environment where Jane Doe was enrolled and owed her a duty of protection as a student.

79. Yet Mazanec did not act in the best interests of Doe to protect her from differential treatment based upon her sex – female, and gender – woman. Moreover Mazanec knowingly personally perpetrated inappropriate conduct, harassment, retaliation, embarrassment and intimidation upon Jane Doe.

## COUNT IV
## VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. § 1681 ET SEQ.

*All Plaintiffs v. Harvey SD 152, Maya Angelou Elementary School, and Gwendolyn Brooks Middle School*

80. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

81. Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

82. Under Title IX, school districts may be held liable for damages for: (1) teacher-on-student sexual harassment where the district has actual knowledge and responds with deliberate indifference; and (2) student-on-student harassment where the district exercises substantial control over the harasser and the context of the harassment, and responds with deliberate indifference. *Davis v. Monroe County Board of Education*, 526 U.S. 629, 642-43 (1999); *Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 274, 290-91 (1998).

16

83. A damages remedy is available under Title IX only where the funding recipient acts with deliberate indifference to known acts of harassment. *Gebser*, 524 U.S. at 290; *Davis*, 526 U.S. at 639.

84. Defendants had actual knowledge of Mazanec's sexual harassment and assault of Jane Doe no later than March 19, 2025, when Ms. Nicholson reported the incident to Principal Mahorney.

85. Defendants, Harvey SD 152, Maya Angelou Elementary School, and Gwendolyn Brooks Middle School responded with deliberate indifference by:

   a. Failing to investigate promptly and equitably;

   b. Permitting Mazanec to remain in contact with Jane Doe and other students;

   c. Retaliating against Jane Doe through the letter-writing campaign;

   d. Failing to take interim measures to protect her from further harassment;

   e. Failing to provide a grievance procedure compliant with 34 C.F.R. § 106.45.

86. Jane Doe suffered severe emotional distress, educational disruption, and ongoing trauma as a direct result of Defendants' deliberate indifference and negligence with regard to Doe's right to a safe and productive educational environment as outlined in Title IX.

**COUNT V**
**VIOLATION OF SECTION 504 OF THE REHABILITATION**
**ACT OF 1973, 29 U.S.C. § 794**
*All Plaintiffs v. Harvey SD 152, Dr. Reginald Lawrence, Robert Rizzo, Doris Wright, and Gwendolyn Brooks*

87. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

88. Section 504 provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

17

89. Under the ADA Amendments Act of 2008, TBI and FND qualify as disabilities under Section 504. 42 U.S.C. § 12102(1); 29 U.S.C. § 705(9)(B).

90. Jane Doe is an individual with disabilities as defined by Section 504, entitled to a free appropriate public education ("FAPE") through the provision of regular or special education and related aids and services designed to meet her individual educational needs as adequately as the needs of non-disabled students are met. 34 C.F.R. § 104.33.

91. Defendants discriminated against Jane Doe on the basis of disability by:

   a. Failing to evaluate her for special education services despite obvious eligibility;

   b. Providing an inadequate 504 Plan that did not address her complex needs;

   c. Failing to implement even the minimal accommodations specified in the 504 Plan;

   d. Harassing her parents regarding medically necessary absences;

   e. Denying her access to related services necessary for her to benefit from education.

92. Defendants' conduct constitutes intentional discrimination and deliberate indifference to Jane Doe's federally protected rights under Section 504. *Alexander v. Choate*, 469 U.S. 287, 299 (1985); *School Board of Nassau County v. Arline*, 480 U.S. 273, 287 (1987).

## COUNT VI
## VIOLATION OF THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT, 20 U.S.C. § 1400 ET SEQ.

*All Plaintiffs v. Harvey SD 152, State of Illinois, Dr. Reginald Lawrence, Robert Rizzo, Doris Wright, and Gwendolyn Brooks Middle School*

93. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

94. The IDEA guarantees all children with disabilities the right to a free appropriate public education ("FAPE") designed to meet their unique needs and prepare them for further education, employment, and independent living. 20 U.S.C. § 1400(d)(1)(A).

95. Under the IDEA's Child Find obligation, states must ensure that all children with disabilities residing in the state who are in need of special education and related services are identified, located, and evaluated. 20 U.S.C. § 1412(a)(3); 34 C.F.R. § 300.111.

96. The Child Find obligation applies to children who are "suspected of being a child with a disability under § 300.8 and in need of special education, even though they are advancing from grade to grade." 34 C.F.R. § 300.111(c)(1).

97. Jane Doe qualifies as a "child with a disability" under the IDEA categories of traumatic brain injury (TBI), 34 C.F.R. § 300.8(c)(12), and other health impairment (OHI) due to FND, 34 C.F.R. § 300.8(c)(9).

98. Defendants violated their Child Find obligations by:

a. Failing to identify Jane Doe as a child with a disability despite obvious, documented medical conditions;

b. Failing to evaluate her within the 60-school-day timeline mandated by 34 C.F.R. § 300.301;

c. Failing to provide written notice of reasons for denial within 14 school days as required by 23 Ill. Admin. Code 226.110(c)(3);

d. Improperly delaying evaluation based on speculative external appointments;

e. Failing to consider the recommendations of Jane Doe's treating physicians.

99. Defendants denied Jane Doe a FAPE by:

a. Failing to conduct a comprehensive evaluation in all areas of suspected disability;

b. Failing to develop an IEP addressing her unique needs arising from TBI and FND;

c. Failing to provide related services including speech/language therapy, occupational therapy, physical therapy, and behavioral intervention;

d. Failing to place her in the least restrictive environment appropriate to her needs;

19

e. Failing to provide meaningful educational benefit during the 2025-2026 school year.

100. Under 20 U.S.C. § 1415(i)(2), this Court has jurisdiction to review the District's final administrative decisions or, where exhaustion would be futile, to grant equitable relief for ongoing violations. *Honig v. Doe*, 484 U.S. 305, 326 (1988); *Beth V. v. Carroll*, 87 F.3d 80, 86 (3d Cir. 1996).

101. Exhaustion of administrative remedies is excused here because: (1) the requested relief is beyond the authority of hearing officers (compensatory damages for constitutional violations); (2) the District's ongoing refusal to evaluate constitutes a systemic violation making administrative relief futile; and (3) the claims are intertwined with Section 1983 constitutional claims over which this Court has independent jurisdiction. *Polera v. Board of Education*, 288 F.3d 478, 483 (2d Cir. 2002); *Mr. and Mrs. A. v. Illinois State Board of Education*, 936 F. Supp. 2d 730, 738 (N.D. Ill. 2013).

## COUNT VII
## VIOLATION OF 42 U.S.C. § 1983—RETALIATION FOR EXERCISE OF CONSTITUTIONAL RIGHTS

All Plaintiffs v. *All Plaintiffs v. Harvey SD 152, Dr. Reginald Lawrence, Juli Mahorney, Miss Mazanec, Robert Rizzo, and Coach Davis*

102. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

103. The First and Fourteenth Amendments protect the right to petition the government for redress of grievances and to be free from retaliation for the exercise of constitutional rights. *Thaddeus-X v. Blatter*, 175 F.3d 378, 387 (6th Cir. 1999) (en banc).

104. Jane Doe and her parents engaged in protected activity by reporting sexual assault, requesting special education services, and invoking federal statutory protections.

105. Defendants retaliated against them by:

20

a. Orchestrating the classroom letter-writing campaign to discredit Jane Doe;

b. Permitting continued harassment and intimidation by Mazanec and other staff;

c. Removing Jane Doe from extracurricular activities;

d. Subjecting Ms. Nicholson to harassing attendance calls;

e. Delaying and denying special education services.

106. This retaliation chilled Plaintiffs' exercise of their constitutional and statutory rights and caused additional psychological and educational harm.

## CLAIMS FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants as follows:

### A. On Counts I, II, III, and VII (Section 1983 Constitutional Claims)

1. Award compensatory damages against Defendants Lawrence, Rizzo, Wright, Mahorney, Mazanec, Davis, and the District in an amount to be determined at trial for physical pain, emotional distress, psychological trauma, loss of educational opportunity, and deprivation of constitutional rights;

2. Award punitive damages against Defendants Lawrence, Rizzo, Wright, Mahorney, Mazanec, and Davis for their deliberate, malicious, and conscience-shocking conduct;

3. Award attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

4. Issue declaratory judgment that Defendants' conduct violated Jane Doe's constitutional rights;

5. Issue permanent injunction requiring the District to develop and implement policies and training to prevent future violations.

### B. On Count IV (Title IX)

6. Award compensatory damages against the District for deliberate indifference to sexual harassment;

7. Award attorneys' fees and costs pursuant to 20 U.S.C. § 1681 et seq.

**C. On Count V (Section 504)**

8. Award compensatory damages against the District for disability discrimination;

9. Award attorneys' fees and costs pursuant to 29 U.S.C. § 794a.

**D. On Count VI (IDEA)**

10. Order the District to immediately conduct a comprehensive special education evaluation;

11. Order the District to convene an IEP meeting within 30 days of the evaluation;

12. Order the District to develop and implement an IEP providing all necessary specialized instruction and related services;

13. Award compensatory education services to remedy the denial of FAPE;

14. Award attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B).

**E. General Relief**

15. Award prejudgment interest on all damages;

16. Award post-judgment interest;

17. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

## VERIFICATION

I, Chevlyn Nicholson, being duly sworn, state that I am the mother and next friend of Jane Doe, the minor Plaintiff in this action, that I have read the foregoing Complaint, and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

*Chevlyn Nicholson*

Chevlyn Nicholson

Subscribed and sworn to before me this 1st day of March, 2026.

_____
Notary Public

```
Official Seal
Kimberly Renfro
Notary Public State of Illinois
My Commission Expires 10/21/2026
```

22

I, William James, being duly sworn, state that I am the father and next friend of Jane Doe, the minor Plaintiff in this action, that I have read the foregoing Complaint, and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

*William James*
_____
William James

Subscribed and sworn to before me this 1st day of March , 2026.

*Kimberly Renfro*
_____
Notary Public

Official Seal
Kimberly Renfro
Notary Public State of Illinois
My Commission Expires 10/21/2026

RESPECTFULLY SUBMITTED,

Chevlyn Nicholson
16040 S. Page
Harvey, IL, 60426
Nicholsonchevlyn@gmail.com
773-4066776

/s/ Chevlyn Nicholson
Plaintiff/Parent/Next Friend of
Jane Doe *(MINOR CHILD)*

William James
14316 South Parnell
Riverdale, IL, 60827
Williamjames8732@gmail.com
708-825-6479

/s/ William James
Plaintiff/Parent/Next friend of
Jane Doe (MINOR CHILD)

## CERTIFICATE OF SERVICE

I hereby certify that on this **16th** day of **March**, 2026, I served a true and correct copy of the foregoing Complaint upon all counsel of record or parties appearing pro se by [method of service] as follows:

See attached Service List of parties to be served via Cook County Sheriff or other statutorily appropriate method.


Chevlyn Nicholson
/s/ Chevlyn Nicholson
Plaintiff/Parent/Next Friend of
Jane Doe *(MINOR CHILD)*


William James
/s/ William James
Parent/Next friend of
Jane Doe (MINOR CHILD)

24