**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JANE DOE, a minor child, by and through her Parents and Next Friends CHEVLYN NICHOLSON, and WILLIAM JAMES, <br><br> Plaintiffs, <br><br> v. <br><br> HARVEY SCHOOL DISTRICT NO. 152, ROBERT RIZZO, DORIS WRIGHT, MAHORNEY, MAZANEC, DAVIS, GWENDOLYN BROOKS MIDDLE SCHOOL, MAYA ANGELOU ELEMENTARY SCHOOL, and the STATE OF ILLINOIS BOARD OF EDUCATION <br><br> Defendants. | Case No. 26-cv-02971 <br><br> Judge Mary M. Rowland |

**ORDER**

Plaintiffs Chevlyn Nicholson and William James bring this *pro se* lawsuit against Harvey School District no. 152, various educators, coaches, administrators, and other educational institutions [1]. Before the Court is Plaintiff Chevlyn Nicholson's application to proceed *in forma pauperis* [4][1] and Plaintiffs' complaint for initial review under 28 U.S.C. § 1915(e)(2). For the reasons explained herein, Nicholson's application to proceed *in forma pauperis* (IFP) [4] is denied and Plaintiffs' complaint [1] is dismissed without prejudice.

**STATEMENT**

The federal IFP statute allows a litigant to pursue a case in federal court without paying fees provided that the litigant submits an affidavit which asserts an inability to pay, 28 U.S.C. § 1915(a)(1), and as long as the action is not frivolous or

---

[1] Plaintiff James has not filed an IFP application or paid the filing fee.

1

malicious, states a claim upon which relief may be granted, and does not seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

### A. IFP Application

"To qualify for IFP status, a plaintiff must fully disclose her financial condition, and she must do so truthfully under penalty of perjury." *Effinger v. Monterrey Sec. Consultants*, 546 F. Supp. 3d 715, 717 (N.D. Ill. 2021) (citing 28 U.S.C. § 1915(a)(1)). "In order to proceed in forma pauperis, 'a plaintiff's income must be at or near the poverty level.'" *Barnes v. Reynolds*, No. 20-CV-5796, 2021 WL 4945191, at *2 (N.D. Ill. Feb. 1, 2021) (citations omitted).

Nicholson states in her IFP application that she is unemployed, she has no source of income, she has no money in a checking or savings account, and she has no assets. [4] at 1-2. Additionally, she reports that she has three daughters who are dependent on her. HHS defines poverty for a household of 4 at $33,000 (found here: https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines). Plaintiff lists her expenses as: $1,750 in rent, $300 in electric, $400 in water and trash, $200 in phone bills, $60 in internet, $600 in transportation, and $350,000 in medical bills. Plaintiff must report her financial status truthfully to be granted IFP status. Plaintiff reports that she has no income, no savings, and no assets. Given the lack of any income source, it is unclear how she is surviving. Indeed, the reported lack of income calls into question the truth of Plaintiff's application. The Court therefore denies her IFP application without prejudice. Plaintiff may file an amended IFP application. Plaintiff is cautioned to truthfully report all sources of income so that the Court can accurately assess her financial condition.

### B. Complaint Review

Because Plaintiff has applied *in forma pauperis*, the Court must screen her complaint and dismiss the action if it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts reviewing complaints under § 1915(e)(2) apply the same standard used for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 739 (2018). The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S 602, 678 (2009). The statement must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although *pro se* complaints are held to a less stringent standard, they are not excused from meeting the basic requirements of the federal rules. *Killebrew v. St. Vincent Health*, 295 Fed. App'x 808, 810 (7th Cir. 2008).

Plaintiffs, Jane Doe's mother (Nicholson) and father (James), allege that Jane Doe was an eleven-year-old fifth grade student at Maya Angelou elementary school, in Harvey School District No. 152 in March of 2025. [1] at 5. On March 18, 2025, Plaintiffs allege that Defendant "Mazanec, Jane Doe's teacher, subjected [Jane Doe] to sexual assault, harassment, intimidation, grooming, and humiliation in front of her classmates." *Id*. Plaintiff Nicholson "immediately notified Defendant Mahorney and district administrators . . . . demanding an investigation and protective measures." *Id*. Rather than investigating, Defendant Mahorney "engaged in a campaign of retaliation and cover-up." *Id*. This included coercing Jane Doe's classmates to write letters supporting Defendant Mazanec and denying Jane Doe's version of events. *Id*. Jane Doe was further subjected to public beratement and intimidation by Defendant Mazanec. *Id*. Plaintiffs describe retaliation from other defendants, including Coach Davis who dismissed Jane Doe from the sports team "without explanation, process, or opportunity to be heard" in retaliation. *Id*. at 6. On May 28, 2025, Jane Doe suffered a catastrophic injury when she was shot in the head while sitting in the passenger seat of her father's car. *Id*. As a result of the shooting, Jane Doe was diagnosed with a traumatic brain injury and developed a functional neurological disorder, affecting motor function, speech, cognition, and emotional regulation. *Id*. at 7. While Jane Doe was undergoing intensive rehabilitation at Shirley Ryan Ability Lab, district administrators proposed a 504 plan rather than conducting a comprehensive special education evaluation for an IEP. *Id*. at 8. Plaintiffs assert that Jane Doe's extensive needs cannot be met through a Section 504 plan; Jane Doe needs a specialized and individualized plan through an IEP under the Individuals with Disabilities Education Act ("IDEA"). *Id*. at 11.

While the Court is sympathetic to the allegations made here, there is a procedural hurdle that the Court must address as a threshold matter. The law provides that "a next friend may not, *without the assistance of counsel*, bring suit on behalf of a minor party." *See Elustra v. Mineo*, 595 F.3d 969, 705 (7th Cir. 2010) (emphasis added). Although the Court has no doubt that Plaintiff Nicholson is a loving mother, she is not permitted to represent Jane Doe in court without a lawyer. Put another way, Nicholson (and James) cannot represent Jane Doe *pro se*. *Id*. citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir.1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); *see also Piphus v. City of Chicago Police Dep't*, 2013 WL 3975209, at *3 (N.D. Ill. Aug. 1, 2013) ("While litigants in federal court have a statutory right to proceed *pro se* and Rule 17(c) allows a guardian to sue on behalf of a minor, a nonlawyer parent may not proceed *pro se* on behalf of a child under Rule 17(c).").

As the case is improper procedurally, the Court will not comment on the merits of any claim. By **May 4, 2026,** Plaintiffs must file an amended IFP application or pay the $405 filing fee. If Plaintiffs fail to address the issue of the filing fee, the case will be dismissed. In addition, the Court gives Plaintiffs until May 4, 2026, to file an

amended complaint with the assistance of counsel on behalf of Jane Doe that strictly complies with this Order, or to amend their complaint to a claim based on their own rights. If Plaintiffs fail to file an amended complaint, the case may be summarily dismissed for failure to prosecute and failure to follow court orders.

## **CONCLUSION**

For the reasons stated herein, Plaintiffs' complaint [1] is dismissed without prejudice. The motion for IFP [4] is denied. By **May 4, 2026,** Plaintiffs must file an amended IFP application or pay the $405 filing fee. If Plaintiffs fail to address the issue of the filing fee, the case will be dismissed. In addition, the Court gives Plaintiffs until **May 4, 2026,** to file an amended complaint *with the assistance of counsel* on behalf of Jane Doe that strictly complies with this Order, or to amend their complaint to a claim based on their own rights. If Plaintiffs fail to file an amended complaint, the case may be summarily dismissed for failure to prosecute and failure to follow court orders.

E N T E R:

Dated: April 10, 2026

MARY M. ROWLAND
United States District Judge

4